UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DELORIS KOJETIN,<br><br>Plaintiff,<br><br>v.<br><br>C U RECOVERY, INC., a<br>Minnesota Corporation,<br><br>Defendant. | Civil No. 97-2273 (JRT/RLE)<br><br><br><br>**ORDER ADOPTING REPORT AND<br>RECOMMENDATION OF<br>MAGISTRATE JUDGE** |

Eric L. Crandall, CRANDALL LAW OFFICE, 275 South Third Street, Suite 205, Stillwater, MN 55082, for plaintiff.

James F. Roegge, Randy Alan Sharbono, MEAGHER & GEER, 4200 Multifoods Tower, 33 South Sixth Street, Minneapolis, MN 55402, for defendant.

This action arises out of defendant C.U. Recovery, Inc.'s ("C.U.") attempts to collect from Plaintiff Deloris Kojetin outstanding debts she owed to Minne-Mine Credit Union ("MMCU"), plus a fifteen percent collection fee. Kojetin's unsatisfied debt to MMCU was pursuant to a note for the purchase of an automobile for her son. Kojetin alleges that C.U.'s validation notice to her identifying a lump sum of $4,862.65 owed, which includes the fifteen percent fee, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

This matter is before the Court on C.U's objections to the Report and Recommendation of Magistrate Judge Raymond L. Erickson dated February 17, 1999. The Magistrate Judge recommended that the Court grant plaintiff's motion for partial summary judgment (as to liability) and deny C.U.'s motion for summary judgment. Specifically, the Magistrate Judge found the C.U.'s validation notice violated the FDCPA, *see* § 1692e(2)(A), because it misrepresented the amount Kojetin owes pursuant to the terms of the note by adding a collection fee based on a percentage rather than on actual collection costs. While C.U. agrees that the terms of the note govern the analysis under the FDCPA, it objects to various portions of the Magistrate Judge's analysis and his ultimate legal conclusion.

The Court has reviewed *de novo* the Report and Recommendation on these dispositive pretrial matters. *See 28 U.S.C.* § 636(b)(1)(c); *D. Minn. LR 72.1(c).* The Court agrees with the Magistrate Judge that Kojetin is entitled to summary judgment as to liability and that C.U.'s motion for summary judgment should be denied. C.U. is correct that the Report and Recommendation contains a typographical error regarding the amount incurred in collection efforts (the actual figure is $590.53, not $490.53) and that this amount relates to costs C.U. billed to MMCU for repossession services, rather than for other collection efforts. However, these misstatements of fact are not material. The Court also rejects C.U.'s suggestions that the statute of limitations bars portions of Kojetin's claim and that, because it gave Kojetin the right to dispute the amount and obtain verification, C.U. is entitled to judgment as a matter of law.

C.U.'s principal objection that the Magistrate Judge misconstrued the language of the note presents a somewhat closer question. C.U. does not dispute that a fair reading of the language of the note precludes it from seeking to collect from Kojetin amounts in excess of the actual costs associated with collection. Rather, C.U. argues that, because the note indicates that Kojetin must pay MMCU's costs of collection, the Magistrate Judge's focus on the fact that C.U. charged MMCU a percentage fee instead of a fee based on actual costs of collection was erroneous.[1] In other words, according to C.U., the fee amount it included in the lump sum did not violate the terms of the note because such amount represented the actual cost to MMCU for collecting from Kojetin – namely, the cost of hiring C.U. to undertake collection efforts.

The Court agrees with the Magistrate Judge, however, that C.U.'s inclusion of this fee in the validation notice contravenes the terms of the note.[2] While it is true that MMCU's costs of collection would include C.U.'s fifteen percent fee, Kojetin did not authorize

---

[1] The note provides in pertinent part that Kojetin agreed "to pay reasonable attorney's fees and costs incident to collection of due and unpaid installments." Although C.U. takes issue with portions of Magistrate Judge's analysis, it does not appear to quarrel with the Magistrate Judge's conclusion that this language should be construed narrowly, such that "reasonable costs incident to collection" means the actual costs associated with collection. Indeed, such a narrow construction comports with the spirit of the FDCPA. For example, it is a violation of the FDCPA for a debt collector to collect any amount "unless such amount is *expressly authorized* by the agreement created a debt or permitted by law." 15 U.S.C. § 1692f(1) (emphasis added).

[2] Again, C.U. does not appear to object to the Magistrate Judge's construction of the terms of the note, except to the extent that it contends that the percentage fee is in fact part of MMCU's costs of collection.

MMCU to hire a collection agency on such a percentage basis. Had MMCU undertaken collection efforts on its own, it undisputedly could not have accessed a percentage fee wholly unrelated to the actual cost of its collection efforts. Nothing in the note precluded MMCU from hiring C.U. as its agent to undertake these efforts, but MMCU and C.U. cannot alter Kojetin's obligation by the terms of their independent agreement.[3] Under the terms of the note, Kojetin is required to pay only the actual costs of the collection efforts. C.U.'s inclusion of the percentage fee amount in the notice, therefore, violated the FDCPA for the reasons set forth in the Report and Recommendation.[4]

## ORDER

Based on the foregoing, and all of the records, files, and proceedings herein, the Court **OVERRULES** defendant's objections [Docket No. 18] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 17]. Accordingly, **IT IS HEREBY ORDERED**:

---

[3] The Court agrees with the Magistrate Judge that to hold otherwise would contravene the purpose of the FDCPA and would open the door to abuse. The FDCPA would provide little protection to a debtor like Kojetin if, in agreeing to pay "reasonable collection costs," a debtor was held to have agreed to pay whatever percentage fee a debt collection service happened to charge a lender such as MMCU for collection efforts. Construing the contract more narrowly – as authorizing collection of the actual cost of the service's efforts – conforms to the purpose of the FDCPA. While actual costs may include some provision for a reasonable profit margin for a collection service, such costs cannot be derived from a fee based solely on a percentage of the outstanding debt.

[4] Nothing herein shall be construed as determining the amount of damages, if any, to which Kojetin is entitled.

1. Plaintiff's motion for partial summary judgment [Docket No. 10] is **GRANTED**.

2. Defendant's motion for summary judgment [Docket No. 7] is **DENIED**.

Dated: March 29, 1999.

_____
JOHN R. TUNHEIM
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

*This is a summary only. For specific information on the time limits for filing a Notice of Appeal, consult with your attorney and review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.